FILED
2008 Nov-03 AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ERIC WHITMAN SHARPTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 5:05-cv-2500-VEH |
| ) | |
| **BLAKE DORNING, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 1, 2008, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on October 15, 2008. Plaintiff argues that dismissal based on the principles of *res judicata* is not appropriate in this case because although he sued the same defendants based on the same set of factual occurrences in state court, there he proceeded under the theories of negligence and medical malpractice, whereas here he is proceeding under the theory of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

In addressing this issue, the Eleventh Circuit has held that if a case "arises out of the same nucleus of operative fact, or is based upon the same factual

predicate" as a previous action, even if the claims made by the plaintiff were not identical in the two cases, the causes of action pled in the two actions are the same for purposes of *res judicata*. *In re Piper Aircraft*, 244 F.3d 1289, 1297 (11th Cir. 2001); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)(quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)). The legal theories presented in the previous litigation need not be the same for *res judicata* to apply. "In determining whether the causes of action are the same, the court compares the substance of the actions, not their form." *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). Causes of action are considered the same when they arise "from the same nucleus of operative fact" and rely "on the same factual predicate." *Jang v. United Technologies Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000).

     Here, the factual predicate which sits as the basis for all of plaintiff's current and previous actions is the alleged failure of the defendants to properly diagnose and provide timely treatment for the plaintiff's finger, which was injured on May 30, 2005. Thus, the causes of action are the same for *res judicata* purposes because the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d at 1297; *see also, Dawson v. California Dept. of Corrections*, 2007 WL 2288327

(N.D. Cal. August 7, 2007)(§ 1983 complaint essentially a repeat of the state court complaint against the same defendants and on the same facts, albeit under a different theory-medical malpractice in state court and Eighth Amendment deliberate indifference in federal court- was barred by *res judicata*).

Plaintiff also asserts that *res judicata* should not bar this complaint because the state court tort case was dismissed outside his presence without the benefit of his evidence at the hearing, but in this case he has proven a case of medical indifference based on the evidence he has submitted.  This argument is unavailing, as the dismissal of the state court actions were dismissed with prejudice.  Such a dismissal constitutes a "prior judgment rendered on the merits."  *See*, *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) (a dismissal with prejudice operates as a final judgment on the merits unless the court specifies otherwise).

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.  The Court **EXPRESSLY FINDS** that there the defendants are entitled to judgment as a matter of law based on the doctrine of *res judicata*.

Accordingly, defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered.

    **DONE** this the 3rd day of November, 2008.

 

                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                  United States District Judge